**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>Matthew Scott Townsend,<br><br>    Debtor. | Case No. 23-15210 KHT<br>Chapter 7 |

**ORDER DENYING MOTION TO RECONSIDER**

THIS MATTER comes before the Court on the Motion to Reconsider (the "Motion to Reconsider," docket #36) filed by Creditor Heidi Von Bernuth ("Creditor"). The Court has reviewed the Motion to Reconsider and the file, is advised in the premises, and hereby finds and concludes as follows:

Debtor filed a Motion to Avoid Fixing of Judicial Lien (the "Debtor's Motion," docket #23), seeking relief under 11 U.S.C. § 522(f), which provides, in relevant part:

(1) Notwithstanding any waiver of exemptions . . ., the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);
    (B) . . . .

(2)
    (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
        (i) the lien;
        (ii) all other liens on the property; and
        (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
    exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Creditor filed an Objection to Debtor's Motion (docket #28). In her Objection, Creditor asserted Debtor was not entitled to relief because his attorney had not conferred with her. Creditor also asserted Debtor was not eligible to assert a homestead exemption, based on the conduct alleged in adversary proceeding no. 24-01043-KHT, in which Creditor sought a determination of nondischargeability of Debtor's debt to her.

The Court held a hearing on Debtor's Motion (docket #32), at which time the Court addressed the issue of failure to confer. The Court also explained the question of dischargeability was separate from the question of Debtor's claim of homestead

exemption. For the reasons stated on the record, the Court granted Debtor's Motion (see docket ##32, 33).

In her Motion to Reconsider, Creditor again argues Debtor's counsel did not comply with his obligation to confer with her.[1] The Court cannot agree. First, the email Creditor attached to her Motion to Reconsider shows Debtor's counsel did reach out to Creditor once she filed her Objection, before he filed his Certificate of Contested Matter. The Court finds any further effort to confer would have served no purpose, given the facts of this case. Creditor was unrepresented by counsel, unfamiliar with the requirements of § 522(f), and antipathetic toward Debtor. Any failure to confer does not provide a basis upon which this Court may deny relief to Debtor or grant relief to Creditor.

Creditor further argues she holds a secured lien, which cannot be avoided. Creditor is not correct. Judicial liens that impair debtors' exemptions may be avoided under 11 U.S.C. § 522(f). Here, Creditor holds a judicial lien. Her lien impairs Debtor's homestead exemption. Creditor has not shown Debtor is not entitled to a homestead exemption. Specifically, this Court's judgment in adversary proceeding no. 24-01043-KHT does not provide a basis for denial of Debtor's claim to a homestead exemption.

The Court cannot find it misapprehended the facts or the controlling law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (setting forth standards for reconsideration). For the reasons discussed above, the Court finds Debtor's Motion to Reconsider must be denied.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Reconsider is DENIED.

Dated February 26, 2025

BY THE COURT:

*Kimberley H. Tyson*
Kimberley H. Tyson
United States Bankruptcy Judge

---

[1] Creditor cites Colo. R. Civ. P. 121, 1-5(8), which does not apply to proceedings before this Court. The Court has nevertheless considered whether counsel complied with his duties toward this Court.